# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 14-0334

DAVID R. GAGNE, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued September 10, 2015                                                 Decided October 19, 2015)

*David M. Sonenshine*, with whom *Barton F. Stichman*, and *Amy F. Odom*, all of Washington, D.C., were on the brief for the appellant.

*Tammy L. Kennedy*, with whom *Mary Ann Flynn*, Assistant General Counsel, *Christopher W. Wallace*, Acting Deputy Assistant General Counsel, and *Tamika Springs*, Appellate Attorney, all of Washington, D.C., were on the brief for the appellee.

Before KASOLD, DAVIS, and GREENBERG, *Judges*.

GREENBERG, *Judge*: This is a case of statutory construction. The appellant, David R. Gagne, appeals through counsel a November 8, 2013, decision of the Board of Veterans' Appeals (Board) that denied entitlement to benefits based on service connection for a psychiatric disorder, to include post-traumatic stress disorder (PTSD), and a depressive disorder with mixed anxiety features. Record (R.) at 3-16. The Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. § 7252(a). For the following reasons, the Court will vacate the Board's November 2013 decision and remand the matter for the regional office (RO) to submit to the Joint Services Records Research Center (JSRRC) multiple requests for records of a stressor event, each request encompassing a different 60-day period, to cover the appellant's relevant service period from July 1967 to September 1968 as a truck driver with the 91st Engineer Company.

## I.

The appellant served on active duty in the U.S. Army from December 12, 1966, to August 3, 1968. R. at 222 (DD Form 214). He was deployed to Thailand during the Vietnam War and

served primarily as a heavy vehicle driver in the 91st Engineer Company. *Id*. According to the appellant, sometime in 1967 or 1968, he was assigned to build a road, and was operating a dump truck that was part of a line of trucks waiting to be loaded. R. at 100. His sergeant was walking between two trucks when suddenly one truck "ran into the truck that was being loaded, crushing my sergeant between the two vehicles." Id. The appellant claims that he saw a "trailer pinion hitch" go through the sergeant's chest, and that he used his shirt to try and stop the bleeding and plunged his hand into the back part of the wound. *Id.* As far as the appellant knew, the sergeant died from his injuries. *Id.*

In February 2010 the appellant sought treatment at VA for rheumatoid arthritis and reported symptoms of depression, including lack of motivation and occasional suicidal thoughts, and asked to be referred for a psychiatric evaluation. R. at 131. On March 6, 2010, the appellant underwent a psychiatric evaluation, reporting symptoms of avoidance, hypervigilance, trouble sleeping, suicidal ideation, exaggerated startle response, and irritability. R. at 129. The appellant told the psychiatrist that his experience in service caused nightmares and flashbacks, symptoms that worsened during periods of unemployment when he did not have work to distract him. *Id*. The psychiatrist diagnosed him with PTSD and alcohol dependence in remission and prescribed Prozac and Seroquel. R. at 131.

On March 29, 2010, the appellant filed a claim for benefits based on service connection for PTSD. R. at 181-90. On April 5, 2010, VA sent the appellant a letter informing him that they were "working on" his PTSD claim and requested more specific information regarding the appellant's PTSD stressor. R. at 105-07. Specifically, VA asked the appellant to provide "the approximate time (a 2-month specific date range) of the stressful event(s) in question," and gave him 30 days to respond. *Id*. On April 29, 2010, the appellant responded, informing VA that all the evidence that will support his claim has been submitted, and asking that his claim be decided "as soon as possible." R. at 102. He failed to indicate a date range for his stressor.

On May 7, 2010, VA received a letter from the appellant detailing two events that occurred during service, including the truck accident, which is the only event at issue in this appeal.[1] R. at

---

[1] Among the events described in the appellant's letter is the appellant's falling in love with a woman he met while on leave in Bangkok, Thailand, and learning that she died from exposure to gas emissions a few month after they met. R. at 99. At oral argument, counsel for the appellant stated that he is not seeking to qualify this event as a stressor for purposes of establishing service connection for PTSD, and this event's qualification as a stressor is therefore not at issue in this appeal. *See Pederson v. McDonald*, 27 Vet.App. 276, 283 (2015) (en banc) (when an appellant abandons

2

96-101. In describing the truck accident, the appellant could not recall the sergeant's name, but remembered that the driver whose truck crushed the sergeant was named "Quisenberry." R. at 100. The appellant stated that the incident "haunted" him, as he worried that his attempts at stopping the sergeant's bleeding might have caused his death. *Id*. Though the appellant could not provide a specific month and year in which the incident took place, his DA Form 20 indicates that he was a dump truck driver with the 91st Engineering Company from August 1967 to approximately August 1968. R. at 217.

On May 18, 2010, VA sent the appellant a letter requesting additional details of the incident, including the names of any service members who died in the truck incident and the 60-day timeframe in which the event occurred. R. at 91-93. The appellant did not respond to the letter, and in a June 17, 2010, memorandum, VA issued a formal finding that the appellant had failed to narrow the date of his stressor event to a 60-day period, and thus "the information provided by the veteran is insufficient to verify in-service stressor." R. at 90. The memorandum listed the steps that were taken to obtain the required information from the appellant, including:

1. The personnel pages were received and are a part of the veteran's C-file.
2. On April 15, 2010, veteran was sent a letter requesting information for PTSD including a VA Form 21-0781.
3. On May 7, 2010, veteran submitted incomplete VA Form 21-0781.
4. On May 18, 2010, follow-up letter was sent to the Veteran requesting more details of combat related incident to include 60 day time-frame.
5. As of today's date, it has been determined the information provided by the veteran is insufficient to verify in-service stressor. Therefore, veterans in-service stressor is unverifiable.

*Id*.

In a June 2010 formal finding, the RO denied the appellant's PTSD claim in part because it found that "the available evidence is insufficient to corroborate any of the events you described." R. at 80. In July 2010 the appellant submitted a statement in support of his claim, advising VA that he had requested service records that might corroborate his PTSD stressors from the National Personnel Records Center (NPRC) and was waiting for an update on his request. R. at 74. In August 2010 the appellant sent a letter requesting that his appeal be reviewed by a decision review

---

an issue or claim, the Court generally will not address it).

officer (DRO), and attached written descriptions of both stressor events. R. at 67-70. No DRO sought more information from the appellant to narrow the search for records. In December 2011 the RO denied the appellant's claim on the basis that there was no medical opinion establishing a link between his claimed stressors and his diagnoses of PTSD, and also on the basis that the RO found that "we do not have credible evidence that the claimed stressors occurred." R. at 66. In January 2012 the appellant filed for Board review of his claim, arguing that he had tried to obtain relevant overseas service records from the NPRC but could not.[2] R. at 44-45.

On November 8, 2013, the Board denied the appellant entitlement to service connection for (1) a psychiatric disorder to include PTSD and (2) a depressive disorder with mixed anxiety features. R. at 3-16. The Board discussed VA's satisfaction of the duty to assist only in the context of whether the appellant was entitled to a VA medical examination, finding that an examination was not warranted as the evidence "does not indicate that either of the Veteran's currently diagnosed psychiatric disabilities may be associated with service." R. at 7. The Board found that the PTSD stressors cited by the appellant could not be established as "they have not been corroborated by supporting evidence." R. at 14 (citing 38 C.F.R. § 3.304(f) (2015)). The Board pointed specifically to the appellant's failure to respond to VA's May 2010 letter asking for the names of service members who died in the truck accident and to the RO's June 2010 formal finding that the information that was provided by the appellant was "insufficient to send to the U.S. Army and [JSRRC]." R. at 13. This appeal follows.

## II.

The appellant argues that the Board failed to ensure that VA satisfied its statutory duty to assist the appellant in developing his claim under 38 U.S.C. § 5103A and 38 C.F.R. § 3.159. Appellant's Brief (Br.) at 7-15. Specifically, the appellant argues that VA's strict adherence to the *VA Adjudication Procedures Manual* (M21-1MR) requirement that a search be narrowed to a 60-day period violates the duty to assist. *Id.* at 7-14. The appellant argues that to comply with its duty to

---

[2] On September 8, 2015, the Court ordered the Secretary to provide as soon as possible the transcript of any Board hearing the appellant received. On September 9, 2015, the Secretary responded, providing evidence that Board hearings were scheduled for August 9, 2012, and December 3, 2012. The Secretary also provided evidence that the appellant failed to appear for both hearings, and on December 3, 2012, informed VA that he wished to have the Board adjudicate his claim "based on the evidence of record."

assist, the VA must overcome the JSRRC's 60-day requirement by submitting multiple 60-day searches for records, each search covering a different 60-day period. *Id.* at 12. The appellant also argues that VA violated its statutory duty to assist by failing to search for documents that might corroborate the appellant's stressor events on VA's Compensation Service Intranet Site, a secondary repository of service documents that RO adjudicators were advised to consult in order to streamline PTSD claims and decrease the workload of the JSRRC. *See* M21-1MR, pt. IV, subpt. ii, 1.D.13.j; Training Letter 07-02 (Mar. 7, 2007). Appellant's Br. at 14-15. Last, the appellant argues in the alternative that the Board failed to provide an adequate statement of reasons or bases for determining that the duty to assist was satisfied. *Id.* at 15-17.

In his initial brief, the Secretary argues that VA did not need to submit a request for verification of a stressor to the JSRRC as the appellant did not provide the minimum requested information to facilitate a search, that is, the appellant did not narrow the time period in which the event occurred to a period of 60 days or less. Appellee's Br. at 3-8. The Secretary argues further that M21-1MR, permits RO adjudicators to deny a claim for service connection for PTSD "if the claimant fails to provide the minimum information required to conduct research," and that the JSRRC's research is limited to a range of 30 days before and 30 days after a given date. *Id.* at 5 (quoting M21-1MR, pt. IV, ch.1, sec.D.15).

However, at oral argument the Secretary conceded that remand was necessary but did not agree that the M21-1MR provision should be invalidated. After oral argument, the Secretary filed a memorandum with the Court that clarified his position, stating that the duty to assist was not satisfied in this case and the matter should be remanded for VA to ask the JSRRC to conduct multiple searches of the appellant's chronological records in enough 60-day increments to cover the entire relevant service period. Secretary's Memorandum at 1-3. Also at oral argument, counsel for the appellant rejected entering into a joint motion for remand because she believed the M21-1MR provision was invalid and her client seeks a precedential decision that would guide similarly situated veterans in the future.

### III.

#### A.

A non-combat veteran seeking service connection for PTSD must establish (1) a current

medical diagnosis of PTSD; (2) medical evidence of a causal nexus between current symptomatology and the claimed in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor actually occurred. *See* 38 C.F.R. § 3.304(f). A non-combat veteran cannot establish the occurrence of an in-service stressor through his own lay testimony alone–rather, such a claimant must provide "credible supporting evidence." *Doran v. Brown*, 6 Vet.App. 283, 290 (1996).

The *VA Adjudication Procedures Manual* (M21-1MR) provides that before the JSRRC can search for records to corroborate the occurrence of a stressor, a veteran must provide at a minimum,

> a stressor that can be documented, the location where the incident took place, the approximate date (within a two-month period) of the incident, and the unit of assignment at the time the stressful event occurred.

M21-1MR, sec. IV.ii.1.D.2.g. M21-1MR instructs RO adjudicators that they may deny a claim for service connection if the veteran cannot provide the "minimum information required to conduct research" and notice has been sent to the veteran advising him of what information is still required. M21-1MR, sec. IV.ii.1.D.2. M21-1MR further provides that the JSRRC will only research records dated 30 days before and 30 days after the specific date identified in the records request. M21-1MR, sec. IV.ii.1.D.3.d.

At oral argument, counsel for the Secretary informed the Court that M21-1MR's 2-month or 60-day requirement was adopted at the suggestion of the JSRRC. The military records in the possession of the JSRRC are not stored electronically, and are organized first by unit designation, then by date. *See* THE U.S. ARMY & JOINT SERVICES RECORDS RESEARCH CENTER STRESSOR VERIFICATION GUIDE, C&P SERVICE TRAINING AND DATA MANAGEMENT. SEC. III (2006) (Stressor Verification Guide). According to the Stressor Verification Guide, the requirement that a research record request be narrowed to a 60-day period was put forth in an effort to reduce the workload on the mere 13 full-time JSRRC staff members tasked with searching those records by hand. *Id.*

**B.**

In the Veterans Claims Assistance Act of 2000 (VCAA), Congress set forth the scope of the Secretary's duty to assist veterans in developing their claims for benefits. *See* Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, 2097 (2000). Codified at 38 U.S.C. § 5103A, the act provides, among other things, that with regard to disability compensation claims, the Secretary shall obtain

[t]he following records if relevant to the claim:

(A) The claimant's service medical records and, if the claimant has furnished the Secretary information sufficient to locate such records, other relevant records pertaining to the claimant's active military, naval, or air service, that are held or maintained by a governmental entity

. . . .

(2) Whenever the Secretary attempts to obtain records from a Federal department or agency under this subsection, the efforts to obtain those records shall continue until the records are obtained *unless it is reasonably certain that such records do not exist or that further efforts to obtain those records would be futile*.

*See* 38 U.S.C. § 5103A(c)(2) (emphasis added).

The legislative history of the act shows that a paramount concern of Congress was to undo the results of this Court's decision in *Morton v. West*, 12 Vet.App. 477 (1999), which barred VA from assisting a veteran in presenting his claim until he offered sufficient evidence to show that his claim was "well grounded." *See* 146 Cong. Rec. S9211-02 (remarks of Sen. Specter). The statute was implemented through 38 C.F.R. § 3.159, which provides that

> *VA will make as many requests as are necessary* to obtain relevant records from a Federal department or agency. These records include but are not limited to military records, including service medical records; medical and other records from VA medical facilities; records from non-VA facilities providing examination or treatment at VA expense; and records from other Federal agencies, such as the Social Security Administration. VA will end its efforts to obtain records from a Federal department or agency *only if VA concludes that the records sought do not exist or that further efforts to obtain those records would be futile*. Cases in which VA may conclude that no further efforts are required include those in which the Federal department or agency advises VA that the requested records do not exist or the custodian does not have them.

*See* 38 C.F.R. § 3.159(c)(2)(2015) (emphasis added); *see also Todd v. McDonald*, 27 Vet.App. 79, 87 (2014) (quoting 38 C.F.R. § 3.159(c)). The implementing regulation states further that the veteran must, on the VA's request, provide "enough information to identify and locate the existing records, including . . . the appropriate time frame covered by the records," and when the records sought might corroborate an in-service stressor event, "the claimant must provide information sufficient for the records custodian to conduct a search of the corroborative records." 38 C.F.R. § 3.159(c)(2)(i)(2015). The regulatory language does not describe what information is "sufficient" to enable the custodian to search corroborative records, nor does it grant authority to the custodian

7

of records or VA to set those parameters.

It is thus clear from the commands of the enabling statute that VA's duty to search for records that would assist a veteran in the development of his claim, and for which the veteran has provided the Secretary information sufficient to locate such records, includes making as many requests as are necessary and ends only when such a search would become "futile." Neither the statute nor the implementing regulation provide a definition of "futile," but the U.S. Court of Appeals for the Federal Circuit has held that the word "futile" in 38 C.F.R. § 3.159 may be defined by its plain meaning and the two examples of futile searches provided in the regulatory language. *See Paralyzed Veterans of Am. v. Sec'y of Veterans Affairs*, 345 F.3d 1334, 1359 (Fed. Cir. 2003). The dictionary definition of "futile" is "serving no useful purpose; completely ineffective." *See* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 475 (10th ed. 2002). The legislative history of the VCAA supports a reading of the term "futile" as referring to the likelihood the search will generate results, as opposed to the difficulty of the search. *See* 146 Cong. Rec. S9211-02, (remarks of Sen. Rockefeller) (it is "important to balance this duty [to assist] against the futility of requiring VA to develop claims where there is no reasonable possibility that the assistance would substantiate the claim"). Thus, the Court concludes that the term "futile," for purposes of determining the limits of the VA's duty to assist under 38 U.S.C. § 5103A and 38 C.F.R. § 3.159, means a search where it is apparent that the sought-after records are either not in existence or not in the possession of the record's custodian. *See Paralyzed Veterans*, 345 F.3d at 1359.

## IV.

The Court agrees with both parties that the Board failed to ensure that the duty to assist was satisfied because the appellant provided information sufficient to locate records – reports of a military vehicle accident involving the appellant while the appellant was assigned to the 91st Engineer Company in Vietnam from July 1967 to September 1968 that resulted in the serious injury or death of a soldier, – but VA did not, at the very least, submit multiple requests to the JSRRC, each covering a different 60-day period. The statutory duty to assist requires that VA "continue" to try to obtain records in the possession of a government agency until such a search becomes "futile," and the Court has determined that "futile" means a search for service records that either no longer exist or are not in the custodian's possession. 38 U.S.C. § 5103A(c)(2); 38 C.F.R. § 3.159(c)(2). The

language of the duty-to-assist statute clearly states that when the veteran provides information sufficient to locate service records that are in the possession of a government agency and that might help the veteran's claim, VA "shall continue" to search for such records "unless it is reasonably certain that such records do not exist or that further efforts to obtain those records would be futile." 38 U.S.C. § 5103A(c)(2). The implementing regulation supports the conclusion that to fulfill his duty to assist the Secretary must make as many research record requests as are necessary and that a search for records is "futile" only when it becomes clear the record does not exist or is not in the possession of the custodian. 38 C.F.R. § 3.159(c)(2).

In this case, the Board found that RO properly declined to ask the JSRRC search for records to corroborate the appellant's stressor event not because it determined the records did not exist, or were not in the possession of the JSRRC, but because the RO determined that "the information required to corroborate the stressful events described by the veteran was insufficient to send" to the JSRRC. R. at 13. While neither the Board nor the RO specifically cited the relevant portions of M21-1MR, the May 18, 2010, letter and April 17, 2010, memorandum clearly relied on M21-1MR as the RO's position was that unless the appellant narrowed the date of his stressor events to a 2-month or 60-day period, VA would not issue a record request to the JSRRC. *See* R. at 90-93; M21-1 MR Secs. IV.ii.1.D.14.f ; IV.ii.D.15.k; IV.ii.D.15.c. However, the fact that multiple records searches would burden JSRRC employees does not mean that those efforts would be "futile," and thus the Board's conclusion violates the statutory duty to assist. 38 U.S.C. § 5103A(c)(2); 38 C.F.R. § 3.159(c)(2).

As the parties now agree, the duty to assist required VA to submit multiple 60-day record searches in this matter. 38 U.S.C. § 5103A(c)(2); 38 C.F.R. § 3.159(c)(2). The Secretary is unable to establish that further efforts to obtain verification of the appellant's alleged stressors would be "futile." *Id.* The Court holds that the Board clearly erred in finding the duty to assist satisfied, when even though VA failed to submit to the JSRRC multiple requests for records to cover the appellant's relevant service period, each encompassing a different 60-day range. 38 U.S.C. § 5103A(c)(2); 38 C.F.R. § 3.159(c)(2).

## V.

To be sure, the Court does not suggest that the duty to assist requires unlimited searches or

so-called "fishing expeditions" over an indefinite period of time, *see Gobber v. Derwinski*, 2 Vet.App. 470, 472 (1992) ("The 'duty to assist' is not a license for a 'fishing expedition' to determine if there *might* be some unspecified information which could possibly support a claim,") but this case is not an example of such an expedition. The only reason provided by the Secretary for not requesting a JSRRC records search is that the appellant could not narrow the timeframe of his reported stressor to a 2 month period. We do not question the requirement that JSRRC searches are to be done within 2 month periods, but we also do not find the 13-month period in this case to be unreasonably long, given the particulars of the stressor provided by the appellant. Accordingly, remand is warranted for VA to comply with its statutory duty to assist by submitting to the JSRRC multiple requests for records of a stressor event, each encompassing a different 60-day range, to cover the appellant's relevant service period from August 1967 to August 1968 as a truck driver with the 91st Engineer Company.

## VI.

After consideration of the appellant's and the Secretary's pleadings, and a review of the record, the Board's November 8, 2013, decision is VACATED and the matter is REMANDED for VA to submit to the JSRRC multiple requests for records of the stressor event, each encompassing a different 60-day range, to cover the appellant's relevant service period from August 1967 to August 1968 as a truck driver with the 91st Engineer Company. Because the Court is remanding the matter, it will not address the appellant's remaining arguments. *See Dunn v. West*, 11 Vet.App. 462, 467 (1998). On remand, the appellant may present, and the Board must consider, any additional evidence and arguments. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). VA must proceed expeditiously, in accordance with 38 U.S.C. § 7112 (requiring the Secretary to provide for "expeditious treatment" of claims remanded by the Court).

DATED: October 19, 2015