Citation Nr: 1806344 
Decision Date: 01/11/18 Archive Date: 02/07/18

DOCKET NO. 09-38 340 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to service connection for thrombotic thrombocytopenic purpura (TTP) (claimed as a mild form of leukemia), to include as due to exposure to herbicides in service.

2. Entitlement to service connection for an acquired psychiatric disorder, to include as secondary to TTP.


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

L. B. Yantz, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from August 1973 to August 1977 and from January 1991 to March 1991.

These matters are before the Board of Veterans' Appeals (Board) by order of the United States Court of Appeals for Veterans Claims (hereinafter "the Court") in July 2013, which set aside an October 2011 Board decision and remanded the case for additional development. These issues initially arose from a February 2009 rating decision by the Philadelphia, Pennsylvania Regional Office (RO) of the Department of Veterans Affairs (VA). In July 2011, the Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge, and a copy of the transcript of that hearing is of record.

In February 2014, the case was remanded by the Board for additional development.

The Veteran's prior representative, a private attorney, withdrew representation through a written statement received by VA in December 2015. The record does not contain any current executed form (either a VA Form 21-22 or a VA Form 21-22a) appointing a valid representative in these matters, and the Board proceeds with the understanding that the Veteran is appearing pro se.

The appeal is once again REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if action on his part is required.


REMAND

On review of the record, the Board has found that additional development is necessary for the claims on appeal.

As an initial matter, the record reflects that the Veteran has continued to seek treatment from a private physician (Dr. Berk in Mount Holly, New Jersey), as noted in a November 2015 VA treatment record. Additionally, it was noted in an August 2017 VA treatment record that the Veteran had a list of active VA medications as well as non-VA medications. On remand, the AOJ should attempt to obtain any outstanding pertinent treatment records for the Veteran.

Service Connection for TTP

The Veteran contends that his current TTP disability is related to his military service, and he alleges that he was exposed to herbicides while stationed at Korat Air Force Base in Thailand in 1975. In his December 2006 claim, he noted that he was stationed in Thailand from January 1975 to December 1975.

The Veteran's DD Form 214 for his active service from August 1973 to August 1977 documents that he had 11 months of foreign service during that period, but does not specify the exact dates or location(s) of such foreign service.

The Veteran's service treatment records document that he received treatment at the Korat Air Force Base in Thailand on multiple occasions dating from February 1975 through November 1975, including for swelling and a rash in his groin in February 1975, for a rash in his groin in September 1975, and for a bruise with swelling and a rash in his groin in October 1975.

Pursuant to the Court's July 2013 Memorandum Decision, the Board's February 2014 remand instructed the AOJ to request that the Joint Services Records Research Center (JSRRC) attempt to verify the Veteran's claim of being exposed to herbicides during his active service in Thailand. In August 2017, the AOJ submitted such a request to the JSRRC; however, that request (which yielded a negative response regarding herbicide exposure for the Veteran) specified only one 60-day time period (dating from February 1, 1975 to April 2, 1975), and no other requests were made for any additional time periods.

On remand, after verifying the exact dates of the Veteran's active service in Thailand, the AOJ should request that the JSRRC attempt to verify the Veteran's claim of being exposed to herbicides at any time during his active service in Thailand. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (where the remand orders of the Board are not complied with, the Board errs as a matter of law when it fails to ensure compliance). The AOJ must submit as many 60-day inquiries as necessary to the JSRRC to sufficiently address the entire period of time that the Veteran served in Thailand. The Board notes that VA's duty to assist is not bound by the JSRRC's requirement that research be conducted within a 60-day time window, and the fact that multiple record searches may burden JSRRC employees does not make those efforts futile. See Gagne v. McDonald, 27 Vet. App. 397 (2015).

Thereafter, the Veteran should be scheduled for an examination with a medical opinion addressing any relationship between his current TTP disability and his military service (to include any verified herbicide exposure therein), with consideration of all pertinent service treatment records (including those noting treatment for a groin rash on multiple occasions in 1975).

Service Connection for an Acquired Psychiatric Disorder

The Veteran contends that he currently has an acquired psychiatric disorder that is related to his military service and/or is secondary to his TTP disability.

The Veteran's DD Form 214 for his active service from January 1991 to March 1991 documents that his primary specialty during that period was as a Medical Service Technician and that he served in Operation Desert Shield/Storm.

Throughout the period of the claim, the Veteran has asserted that he currently has depression and anxiety due to (and/or aggravated by) his TTP disability and/or his treatment for TTP. Additionally, in a February 2016 VA treatment record, it was noted that he described his service experiences during Operation Desert Storm as "depressing but OK" and that he "felt fortunate to survive," and he stated that as a medical technician in service, he "saw a lot of blood, people in pain and quarantined."

On remand, the Veteran should be scheduled for an examination with a medical opinion addressing any relationship between any current acquired psychiatric disorder and his military service, with consideration of his in-service duties as a medical services technician.

Accordingly, the case is REMANDED for the following actions:

1. With any needed assistance from the Veteran, including securing from him a VA Form 21-4142 (Authorization and Consent to Release Information to VA) for each identified provider (including from Dr. Berk in Mount Holly, New Jersey), obtain all records of the Veteran's treatment for his claimed disabilities.

If any identified records cannot be obtained and it is determined that further attempts would be futile, such should be noted in the claims file and the Veteran should be notified so that he can make an attempt to obtain those records on his own behalf.

2. Obtain updated VA treatment records from October 2017 to the present.

3. Take all necessary steps to verify the exact dates of the Veteran's active service in Thailand.

4. Request VA's Compensation and Pension Service to review the Department of Defense's inventory of herbicide operations to determine whether herbicides were used in Thailand at any time while the Veteran was stationed there. If such request yields a negative result, then a request to the JSRRC should be made to attempt to verify the claimed exposure by taking into account the Veteran's military unit, location, all dates at the location (requested in as many 60-day increments as necessary), military occupation, and any other relevant facts as shown by his service records, in accordance with M21-1, Part IV, Subpart ii, Chapter 2, Section C.10.q. Thereafter, make a formal determination as to whether or not the Veteran was exposed to herbicides in service at any time, in accordance with the results of the aforementioned development.

5. After completing the development requested above, schedule the Veteran for a VA examination with a clinician with appropriate expertise in order to ascertain the nature and etiology of the Veteran's current TTP disability. The claims file should be made available to the examiner for review. Any indicated tests should be accomplished and all pertinent symptomatology and findings must be reported in detail.

After reviewing the claims file and examining the Veteran, the examiner should provide an opinion on the following question: Is it at least as likely as not (50 percent probability or greater) that the Veteran's current TTP disability was incurred in, related to, or caused by any incident of his military service (to include any verified herbicide exposure therein)? When rendering this opinion, the examiner should specifically consider all pertinent service treatment records (including those noting treatment for a groin rash on multiple occasions in 1975).

The examiner should provide a complete rationale for any opinion provided. If the examiner cannot provide any requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

6. After completing the development requested above, schedule the Veteran for a VA examination with a clinician with appropriate expertise in order to ascertain the nature and etiology of any current acquired psychiatric disorder(s). The claims file should be made available to the examiner for review. Any indicated tests should be accomplished and all pertinent symptomatology and findings must be reported in detail.

After reviewing the claims file and examining the Veteran, the examiner should provide an opinion on each of the following questions:

(a) Please identify (by diagnosis) each acquired psychiatric disability entity that is found or shown by the record at any time during the period of the claim.
 
(b) Please identify the likely etiology for each diagnosed acquired psychiatric disability. Specifically, is it at least as likely as not (50 percent probability or greater) that such disability was incurred in, related to, or caused by any incident of the Veteran's military service? When rendering this opinion, the examiner should specifically consider the Veteran's in-service duties as a medical services technician.

The examiner should provide a complete rationale for any opinion provided. If the examiner cannot provide any requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation.

7. Thereafter, review the record, ensure that all development is completed (and arrange for any further development suggested by additional evidence received), and readjudicate the claim on appeal for entitlement to service connection for TTP, followed by the claim on appeal for entitlement to service connection for an acquired psychiatric disorder, to include as secondary to TTP (in light of the determination made on the TTP issue, and after any further development indicated). If any benefit sought on appeal remains denied, a supplemental statement of the case must be provided to the Veteran. After the Veteran has had an adequate opportunity to respond, the appeal must be returned to the Board for appellate review.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. § 5109B (2012).



_________________________________________________
D. C. SPICKLER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (2012), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).