Citation Nr: 1825337 
Decision Date: 04/26/18 Archive Date: 05/07/18

DOCKET NO. 14-34 751A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for prostate cancer, to include as due to in-service herbicide agent exposure.


ATTORNEY FOR THE BOARD

Nicole L. Northcutt, Counsel



INTRODUCTION

The Veteran served on active duty in the United States Army from February 1969 to December 1970, which included service in Korea.

This matter comes before the Board of Veterans' Appeals on appeal of a rating decision issued in November 2011 by a Regional Office (RO) of the Department of Veterans Affairs (VA).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran asserts that he developed prostate cancer as a result of his in-service exposure to herbicide agents while serving in Korea during the Vietnam Era, or alternatively while stationed at Fort Gordon, Georgia. The RO has denied the Veteran's claim because the circumstances of the Veteran's service do not establish his presumed exposure to herbicide agents, and no service records otherwise affirmatively establish his in-service herbicide agent exposure. However, the Veteran asserts that VA failed to adequately assist him in the development of his claim, as it pertained to establishing his in-service herbicide agent exposure, and the Board agrees. 

In this regard, the Board concludes that additional research is required to determine whether the Veteran's unit served near the Korean demilitarized zone (DMZ) during his period of service, thereby triggering a presumption of his in-service herbicide agent exposure. Specifically, the Veteran's complete personnel records, which will reflect his unit(s) of assignment during his nine and a half months of service in Korea, must be obtained, after which research requests should be submitted to the Joint Services Records Research Center (JSRRC) to determine whether his units of assignment were present on or near the Korean DMZ during the Veteran's period of service. The RO should formulate multiple requests in 60-day increments to cover the entirety of the Veteran's period of Korean service, per Gagne v. McDonald, 27 Vet. App. 397 (2015). Efforts should also be undertaken to attempt to verify his other means of reported exposure to herbicide agents in Korea and Fort Gordon, Georgia.

Accordingly, the case is REMANDED for the following action:

1. Obtain the Veteran's complete service personnel records.

2. Thereafter, contact the JRSSC or any other appropriate federal records repository and request that research be undertaken to determine:

(a) whether the Veteran's unit(s) of assignment during his period of service in Korea were near to or in the DMZ, in conformity with M21-1 Part IV.ii.1.H.4.c. Multiple research requests for each 60 day increment of the Veteran's period of Korean service should be submitted, to ensure the entirety of the Veteran's period of Korean service is researched.

(b) if not, whether the Veteran was otherwise exposed to herbicide agents while driving a truck in the Ascom Depot, Bupyeoung, Dongducheon camp and Yongsan Garrison regions. Please consider the articles "U.S. Kept Agent Orange at Another Camp in Korea" and "Environmental analysis near Bupyeong US MB" submitted by the Veteran in June 2012, as well the Veteran's transfer orders (Military Personnel Record marked received on January 1, 2005).

(c) if not, whether the Veteran was exposed to herbicide agents while stationed at Fort Gordon, Georgia, where he reports herbicide agents were stored and tested, in conformity with M21-1 Part IV.ii.1.H.7.a.

3. Then, after taking any additional development deemed necessary, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112.



_________________________________________________
S. BUSH
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252, only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).