﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 191003-37126
DATE: June 30, 2020

REMANDED

Service connection for diabetes mellitus is remanded.

A rating in excess of 10 percent for hypertension is remanded.

REASONS FOR REMAND

The Veteran served on active duty from September 1970 to April 1972, and from June 1974 to April 1977. A period of service from April 1977 to March 1979 has been determined to have been under other than honorable conditions and a bar to VA benefits related to that service interval.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2019 rating decision by the Department of Veterans Affairs (VA).

The Board notes that the Regional Office (RO) characterized the issue of service connection for diabetes mellitus as a new and relevant evidence issue. However, a review of the record shows that the September 2009 rating decision never became final. The Veteran appealed this decision to the Board and then opted into RAMP, as discussed further below, and the issue is now before the Board again.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework.

The Board notes that the Veteran initially opted into RAMP choosing the higher level review lane. An August 2018 transcript of an informal conference states that the Veteran’s representative requested that the RAMP claim moved to the supplemental claim lane. The February 2019 RAMP rating decision notes that the claim was processed as a supplemental claim. As such, the Board has reviewed this decision pursuant to the supplemental claim lane.

All issues are remanded to correct duty to assist errors that occurred prior to the AOJ’s February 2019 rating decision.

Service connection for diabetes mellitus is remanded.

The Veteran contends that his diabetes mellitus is the result of exposure to herbicides. The record contains evidence suggesting the Veteran may have experience herbicide exposure in service.

The Veteran asserts that he traveled to Thailand during his active service. In an August 2010 Notice of Disagreement, the Veteran stated that in between June 25, 1974 and August 23, 1977 he was in Thailand en route to Diego Garcia, in addition to being on rest and recreation in Thailand.

Further, in a November 2015 statement, the Veteran stated that he was a construction electrician for the U.S. Navy Seabees, installing street lights and transformers on power and telephone poles daily for about three years. The Veteran’s service personnel and treatment records reflect that he was assigned as a construction electrician to Mobile Construction Battalion 10 from August 1974 to July 1976 and was stationed in Diego Garcia from September 1974 to November 1975, after which he was stationed in Guam until June 1976. 

The RO did not conduct additional development to corroborate the Veteran’s claimed exposure to herbicides. As such, remand is required to attempt to verify the Veteran’s contentions regarding herbicide exposure in Thailand, Diego Garcia, and Guam. If a limited time period is necessary to request development (such as a 60-day period), multiple requests should be made to cover the entire time period claimed by the Veteran. See Gagne v. McDonald, 27 Vet. App. 397, 404 (2015).

A rating in excess of 10 percent for hypertension is remanded.

The Veteran contends that the treatment required to control his hypertension has included numerous emergency room visits and hospitalizations. VA treatment records received in March 2016 note that the Veteran reported to the emergency room and was hospitalized on several occasions due to his hypertension. Further, VA treatment records show that health care providers have had to change the Veteran’s medications on several occasions. The Veteran underwent a January 2019 hypertension VA examination. This examination does not discuss or consider the Veteran’s hospitalizations and medication changes. The Board finds that this examination is not adequate for appellate review, and remand is necessary for a new examination.

The matters are REMANDED for the following action:

1. The AOJ should request that JSRRC, or other official source, investigate and attempt to verify the Veteran’s reports of alleged exposure to hazardous chemicals, including Agent Orange and contaminated water, while serving in Diego Garcia, Guam, and Thailand during his periods of active duty from June 1974 to April 1977.

Successive requests must be made to JSRRC until the entire relevant time period has been considered. If the JSRRC responds that it is unable to comply with the request, or that herbicide exposure cannot be corroborated, produce a memorandum documenting efforts to obtain this information.

2. After the above development is completed, the AOJ should obtain an expert opinion regarding whether it is more likely than not (i.e., probability greater than 50 percent), at least as likely as not (i.e., probability of 50 percent), or less likely than not (i.e., probability less than 50 percent) that the Veteran’s diabetes mellitus is as least as likely as not caused by or aggravated by any hazardous chemical exposure, if exposure is confirmed. 

3. The AOJ should arrange for a VA examination (or telehealth interview, if an in-person examination is not feasible) to assess the current severity of his service-connected hypertension. The examiner must review the entire record (including this remand) in conjunction with the examination and note such review was conducted. The examiner should provide a full description of the disability and report all signs and symptoms associated with the Veteran’s disability. The VA treatment records noting hospitalizations and changes in medication must be discussed. 

 

E. I. VELEZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board I. Kerner, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.