﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200313-69405
DATE: July 31, 2020

REMANDED

Entitlement to service connection for non-Hodgkin's lymphoma is remanded.

REASONS FOR REMAND

The Veteran served honorably in the United States Army from October 1966 to July 1969.

In January 2020, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of a November 2019 rating decision based on new and relevant evidence. In January 2020, the agency of original jurisdiction (AOJ) issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received and denied the claim based on the evidence of record at the time of that decision. This is a favorable finding by the AOJ, and the Board will proceed to the address the claim on the merits. See 38 U.S.C. § 5104A; 38 C.F.R. § 3.104(c).

In the March 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the AOJ decision on appeal. 38 C.F.R. § 20.301.

Although the Board regrets the delay, remand is required to ensure there is a complete record on which to decide the Veteran’s claim. 

Entitlement to service connection for non-Hodgkin's lymphoma is remanded.

The Veteran has claimed entitlement to service connection for non-Hodgkin’s lymphoma. Favorable findings in the January 2020 rating decision include that the Veteran has a currently diagnosed disability of non-Hodgkin’s lymphoma. Accordingly, the question before the Board is if the Veteran’s lymphoma is etiologically related to service. 

The Veteran has contended that he was exposed to Agent Orange while on TDY to Vietnam. Further, he has alleged that his unit operated within the Korea Demilitarized Zone (DMZ). With the Veteran’s appeal to the Board, he indicated that he worked as a “spook” with the US ASA attached to the 2nd ID. He stated that he has duties which were not recorded in official documents and in undisclosed areas. 

The Veteran’s military personnel record indicates he served in the US ASA Pacific AC Korea from May 1, 1967 to June 1, 1968. Further, upon separation from the armed services, the Veteran was noted to have worked in special intelligence with a Top Secret security clearance. See June 16, 1969 Security Termination Statement and Debriefing Certificate. 

In September 2014, the RO issued a memo finding there was insufficient information to corroborate exposure to Agent Orange as to warrant referral to the U.S. Army and Joint Services Records Research Center (JSRRC). The RO noted the Veteran failed to respond to the request to provide a 60-day window for the alleged Agent Orange exposure. 

The VA may generally not, as provided in its M21-1 Adjudication Procedures Manual, require a Veteran to narrow the potential date of an event in question to a 60-day period before requesting that the JSRRC conduct a search but, rather, is generally required to submit multiple 60-day record search requests if the Veteran cannot narrow the time period to 60 days. See Gagne v. McDonald, 27 Vet. App. 397, 404 (2015) (finding that a 13-month date range was not an unreasonably long period under the circumstances presented).

Accordingly, the Board finds a remand is necessary to correct a pre-decisional duty to assist error as related to the Veteran’s claimed herbicide agent exposure. 

The matter is REMANDED for the following actions:

1. Contact the Veteran and ask him to provide a full and detailed statement regarding his service in the Republic of Vietnam and Korean DMZ. If the Veteran is unable or unwilling to provide a statement, please make note of the inability to obtain a statement in the record. 

2. After completing the above directive, contact the Joint Services Records Research Center (JSRRC) or other appropriate source and request information as to whether the Veteran’s record supports service in Vietnam or the Korean DMZ during 1967-1968. The Veteran’s service in the US Army Security Agency should be noted and attempted to be verified.

 

 

A. S. CARACCIOLO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Laura C. Owens

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.