﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190416-14091
DATE: October 30, 2020

REMANDED

Entitlement to service connection for acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD) and adjustment disorder, is remanded.

Entitlement to service connection for detached retina, right eye, is remanded.

REASONS FOR REMAND

The Veteran served on active duty from May 1969 to May 1971.

In August 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. The agency of original jurisdiction (AOJ) issued a RAMP HLR decision in December 2018, which is the decision on appeal. In the April 2019 notice of disagreement (for acquired psychiatric disorder and eye claims), the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the RAMP opt-in, as well as any evidence submitted by the Veteran or his attorney at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Prior to opting into RAMP, a Statement of the Case and Supplemental Statement of the Case identified the eye issue as pertaining to the left eye. The RAMP HLR decision did as well. However, the Veteran’s testimony at his Board hearing and the procedural history of this case reflect the claim actually pertains to the right eye. The Statements of the Case and RAMP HLR decision also appear to actually be addressing the right eye. As such, the Board has recharacterized that issue as reflected on the title page. 

In June 2020, the Veteran appeared at a virtual tele-hearing before a Veterans Law Judge. The record reflects that the Veteran subsequently received a letter from VA indicating that he could request a virtual tele-hearing instead of waiting for his requested video hearing. This letter was sent in error as the Veteran was provided his requested hearing in June 2020. The transcript of the June 2020 hearing was considered by the Board prior to issuing this remand.

Evidence was added to the claims file during a period of time when new evidence was not allowed. The Board may not consider this evidence. 38 C.F.R. § 20.300. That stated, the newly-submitted evidence will be reviewed and considered by the AOJ after it completes the development ordered by the Board below.

The Board recognizes that the Veteran has also appealed the issue of service connection for sleep apnea. He testified about this issue at the June 2020 hearing. The sleep apnea issue, however, was not included in the April 2019 notice of disagreement. Instead, the Veteran filed a timely VA Form 10182 (Decision Review Request: Board Appeal (Notice of Disagreement)) in July 2019 that included sleep apnea and requested the Hearing docket. Under the AMA system, that is considered a separate appeal with its own place on the Board’s docket. As such, no action will be taken by the Board at this time, and the issue of service connection for sleep apnea will be the subject of a later Board decision. 

1. Service connection for an acquired psychiatric disorder.

The Veteran asserts that he has an acquired psychiatric disorder resulting from service. In particular, he asserts he has PTSD. One of the stressful events he asserts resulted in PTSD is that he witnessed a man crushed and killed by a tank while he was stationed in Germany. His wife has submitted a statement indicating that he wrote to her about the incident after it happened. The Veteran recalls the accident occurred in 1970 while he was assigned to the Second Maintenance Battalion in Germany. He cannot, however, recall the name of the man who was killed. 

Prior to deciding this claim, an attempt should have been made to verify the Veteran’s report concerning the tank incident that killed a man. Thus, remand is necessary so that stressor verification can be undertaken. The Board recognizes the Veteran has not identified a 60-day date range when this incident occurred and has only identified the year. If necessary, the RO should request multiple 60-day record searches to cover 1970. Gagne v. McDonald, 27 Vet. App. 397, 403 (2015) (holding multiple 60-day record searches covering a 13-month period was not unreasonable). 

2. Service connection for detached retina, right eye.

Medical records show the Veteran has suffered a detached retina in his right eye. He asserts this resulted from an injury during basic training when he was hit in the right eye with a rifle butt. He submitted a statement from his wife indicating that he told her he was hit in the right eye with a rifle butt during Advanced Individual Training or basic training and went to the doctor and was hospitalized. Service treatment records do not show such an injury. In June 1969, the Veteran sought treatment for headaches he believed were caused by visual difficulties. In July 1969, he sought replacement for a pair of eyeglasses that were broken. In a report of medical history completed by the Veteran in connection with his separation examination, he reported he had no history of head injury but had eye trouble. The physician’s summary of that report indicates that the eye trouble existed prior to service (“EPTS”) and was not treated during service (“NTS”). Examination of the eyes was normal at separation. 

Post service, in December 2000, the Veteran reported a 3 week history of eye symptoms, including seeing black spots and flashes of light. He reported a history of having metal removed from the right eye 15 years prior. After examination, the diagnosis was retinal detachment of the right eye. 

A medical opinion should have been obtained prior to deciding this claim; thus, remand is necessary. To be clear, the Board is not at this time finding that the Veteran was hit in the face with a rifle butt. However, given the report of visual difficulties during service, an opinion should be obtained. 

The matters are REMANDED for the following action:

1. Request the appropriate agency attempt to verify the Veteran’s claimed stressor regarding a man being crushed and killed by a tank in 1970 while he was assigned to 2nd Maintenance Battalion in Germany. This instruction should not be fulfilled by a VA JSRRC Coordinator (or equivalent VA employee) determining that there is insufficient information to make a request. A request for verification must be made to the appropriate agency. If multiple requests are necessary to cover the time period, multiple requests should be made.

2. Send the claims file to an appropriate examiner to offer an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran’s right eye retinal detachment onset during service or is otherwise related to an in-service injury, event, or disease, to include his report of visual difficulties during service. 

The Veteran asserts he was hit in the face with a rifle in 1969. For purposes of this opinion, the examiner is asked to presume this is true (the Board has not yet determined whether this undocumented injury occurred). 

In offering the opinion, the examiner is asked to discuss the significance, if any, of the normal eye evaluation at separation in regards to the Veteran’s assertion his detached retina shown as early as December 2000 is related to his report of being hit in the face with a rifle butt during service.

The examiner is also asked to review and consider the December 2000 treatment record noting a 3 week history of eye symptoms, including seeing black spots and flashes of light, and a subsequent diagnosis of retinal detachment of the right eye.

The need for an examination is left to the discretion of the examiner. A rationale for all opinions offered is requested as adjudicators are precluded from making any medical findings. 

 

 

Nathan Kroes

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Russell P. Veldenz, Counsel 

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.