﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 200422-79577
DATE: March 31, 2021

REMANDED

The issue of whether new and relevant evidence has been submitted to readjudicate the issue of entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), also claimed as depression disorder, and thoughts of suicide, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the U.S. Marine Corps from May 1968 to May 1972.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This law went into effect in February 2019.

The Veteran filed a Supplemental Claim in January 2020 after the December 2019 rating decision denying entitlement to service connection for PTSD. The Agency of Original Jurisdiction (AOJ) denied readjudicating the claim in Janaury 2020. The Veteran appealed the decision, requesting Direct Review of the evidence by the Board. See April 2020 VA Form 10182 (NOD).

After a review of the evidence considered at the time of the January 2020 rating decision, the Board finds that a pre-decisional duty to assist error was made. Therefore, a remand is necessary in order to cure the error.

As stated above, the AOJ initially denied service connection for PTSD in December 2019. The AOJ determined that the medical evidence was insufficient to confirm a link between the Veteran’s PTSD and his alleged in-service stressors. The AOJ also stated that there was no credible evidence that the Veteran’s claimed in-service stressor occurred. See December 2019 Rating Decision. 

In January 2020, the Veteran filed a Supplemental Claim for entitlement to service connection for PTSD. See January 2020 VA Form 20-0995 (Supplemental Claim Application). Shortly thereafter, the AOJ denied the Veteran’s claim due to new and relevant evidence not being submitted. See January 2020 Rating Decision. 

Upon receipt of a substantially complete supplemental claim, VA’s duty to assist in the gathering of evidence under 38 C.F.R § 3.159 is triggered and includes any such assistance that may help secure new and relevant evidence to complete the supplemental claim application. See 38 C.F.R § 3.2501(c). Under § 3.159, VA has a duty to assist in obtaining evidence to substantiate all substantially complete and initial and supplemental claims. VA’s duty to assist includes obtaining relevant records pertaining to the Veteran’s active service that are held or maintained by a governmental entity. See 38 C.F.R § 3.159 (c)(3). 

The AOJ sent a notification letter in May 2019 informing the Veteran of the additional evidence needed regarding his PTSD claim. See May 2019 Development Letter. Subsequently, the Veteran submitted a VA Form 21-0781 (Statement in Support of Claim for PTSD) in June 2019 providing details of his alleged stressors. Additionally, a buddy/lay statement and a statement from the Veteran were submitted in July 2019 discussing the Veteran’s alleged stressors. 

The Board observes that the current record does not reflect an adequate attempt to verify the Veteran's claimed stressors, to include making a formal finding on the lack of evidence to verify the alleged stressors. There is no evidence of further development by the AOJ based on the information provided by the Veteran. 

The United States Court of Appeals for Veterans Claims (Court) found that VA was obligated under its duty to assist to submit multiple 60-day requests to the United States Army and Joint Services Records Research Center (JSRRC) for records of a stressor event. Gagne v. McDonald, 27 Vet. App. 397 (2015).

On the November 2019 VA examination, the VA examiner determined that the Veteran’s stressors were adequate to support a PTSD diagnosis. The examiner initially provided a positive nexus opinion due to the stressors adequately supporting a clinical diagnosis of PTSD. In a November 2019 addendum opinion, the examiner provided a negative nexus opinion, reasoning that the service treatment records were absent any notations of mental health treatment.

As determined in the VA examination report, the alleged stressors were adequate to support the Veteran’s clinical diagnosis of PTSD. The AOJ denied his claim due to the stressor not being credible. However, the AOJ did not undertake any development to verify any stressors. As stated previously, when a Veteran files a supplemental claim, the duty to assist is triggered and VA must provide any assistance that may help in securing new and relevant evidence in this matter. The information obtained during the process of verifying the Veteran’s stressors would be relevant to the Veteran’s claim. 

The AOJ’s failure to properly development the Veteran’s claim of entitlement to service connection for PTSD is a pre-decisional duty to assist error. Therefore, on remand, the AOJ must undertake the development to verify the Veteran's claimed in-service stressors. 

The matter is REMANDED for the following action:

1. Request from the Veteran additional information and evidence relevant to his service connection claim for an acquired psychiatric disorder, to include PTSD. He should be asked to provide as much information as possible regarding his claimed stressors, particularly specific dates, full names of the people involved, and places.

2. Should the Veteran provide sufficient information regarding his claimed stressors, request that the United States Army and Joint Services Records Research Center (JSRRC) provide any available information which might corroborate the Veteran's alleged in-service stressors. Forward a copy of the Veteran's DD Form 214, together with any new stressor information that has been obtained, to the JSRRC for an attempt at stressor verification. The JSRRC should be asked to provide any additional information that might corroborate any of the Veteran's alleged stressors. If the search for corroborating information leads to negative results, the AOJ must notify the Veteran and his representative of this fact, explain the efforts taken to obtain this information, and describe any further action to be taken. If the Veteran's described stressors lack sufficient information for verification, such should be noted in a formal finding.

3. If any stressor(s) is/are verified, obtain a supplemental medical opinion on the etiology of any current acquired psychiatric disorder. 

 

 

LLOYD CRAMP

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Middleton, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.